UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JOSEPH LEE WILLIAMS**, | **2:22-CV-10693-TGB-EAS** |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 1);** |
| vs. | |
| **MICHELLE FLOYD,** | **DENYING CERTIFICATE OF APPEALABILITY;** |
| Respondent. | **AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS** |

Petitioner Joseph Lee Williams, an inmate confined at the Central Michigan Correctional Facility in St. Louis, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pro se application, Petitioner challenges his conviction for first-degree home invasion; domestic violence, second offense; two counts of resisting or obstructing a police officer; assault by strangulation; and being a fourth felony habitual offender.

For the reasons that follow, the petition for writ of habeas corpus is **DENIED**.

## I.    BACKGROUND

Petitioner was convicted following a jury trial in the Macomb County Court. The Michigan Court of Appeals opinion affirming Petitioner's conviction summarized the facts of the case as follows:

1

These cases arise out of two domestic disputes that occurred between defendant and the victim, who was defendant's girlfriend and the mother of his child. On September 28, 2017, defendant became angry with the victim, believing she was having an affair. Inside their apartment, defendant choked the victim and punched her in the stomach multiple times. Defendant fled when a neighbor called police after the victim ran out of the apartment screaming for help.

On November 18, 2017, the victim called police after she received threatening text messages and pictures from defendant. Police were called back later that same evening after the victim told police dispatch that defendant kicked down her front door and entered her apartment without her permission. Inside the apartment, defendant found the victim in her bathroom, took her cellular telephone, disconnected the call with police dispatch, and hit her in the face with his fist. Officers responded to the apartment and observed defendant confronting the victim with a knife. Officers removed the victim from the apartment and ordered defendant to drop the knife. Defendant refused to comply, and barricaded himself in an upstairs bathroom. Officers kicked the bathroom door off of its hinges and took defendant into custody after a struggle on the bathroom floor.

The victim appeared under subpoena for the first day of defendant's trial, but she was not called to testify. Although she was instructed to return the following day, she did not appear for any of the remaining trial dates. After officers were unable to locate the victim, the trial court allowed her preliminary examination testimony to be read into the record. The jury convicted defendant of first degree home invasion, domestic violence, two counts of resisting or obstructing a police officer, and assault by strangulation.

*People v. Williams*, No. 350166, 2020 WL 7413953, at *1 (Mich. Ct. App. Dec. 17, 2020).

The Michigan Supreme Court denied Petitioner's request for leave to appeal the Michigan Court of Appeals decision. *People v. Williams*, 965 N.W.2d 512 (Mich. 2021), *reconsideration denied*, 969 N.W.2d 16 (Mich. 2022).

Petitioner seeks a writ of habeas corpus on the following grounds:

(1) Petitioner's Fourteenth Amendment due process rights were violated when the State failed to serve Petitioner a copy of its answer to his application for leave to appeal to the Michigan Supreme Court in violation of Michigan Court Rule 7.305(D);

(2) The state court erred in denying his direct appeal;

(3) Petitioner's Sixth Amendment Confrontation Clause rights were violated because Petitioner could not cross examine the victim, who was deemed unavailable at trial;

(4) The victim's absence from trial prevented Petitioner from presenting a meaningful defense in violation of Petitioner's compulsory process rights; and

(5) The trial court erred in its scoring of state sentencing guideline variables when calculating Petitioner's sentence.

## II.   LEGAL STANDARD

A habeas petition filed under 28 U.S.C. § 2254 is subject to the heightened standard of review set forth in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). To obtain relief, habeas petitioners challenging "a matter 'adjudicated on the merits in State court' [must] show that the relevant state-court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly

3

established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)).

The focus of this standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). In other words, "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations and quotation marks omitted).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Furthermore, a state court's factual determinations are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1), and the federal court's review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## III.   DISCUSSION

### A. The State's Failure to Serve Petitioner a Copy of Its Answer to Petitioner's Application for Leave to Appeal to the Michigan Supreme Court

Petitioner first claims that his due process rights were violated when the State failed to serve him a copy of its answer to his application for leave to appeal to the Michigan Supreme Court as required by Michigan Court Rule 7.305(D).[1] Petitioner is not entitled to relief on this claim.

First, the State's attorney attached a proof of service to the State's answer, indicating that a copy of the answer had been sent to Petitioner. ECF No. 10-17, PageID.1490. Although Petitioner filed a motion to strike the answer on the ground that he did not receive a copy of it, the Michigan Supreme Court denied Petitioner's motion when it denied leave to appeal. *Id.* at PageID.1418. In his motion for reconsideration filed with the Michigan Supreme Court, Petitioner again claimed that he never received a copy of the answer, but his motion for reconsideration was denied. *Id.* at PageID.1414, PageID.1416.

Petitioner has failed to offer clear and convincing evidence that he never received a copy of the State's answer. But even if Petitioner did not receive a copy of the answer, he would not be entitled to habeas relief.

---

[1] In his briefing, Petitioner incorrectly cites Michigan Court Rule 7.302, which relates generally to electronic filing in the Michigan Court of Appeals and does not contain a subsection D as referenced by Petitioner. The Court agrees with Respondent that this reference should be construed as Michigan Court Rule 7.305(D).

In general, there is no federal constitutional right to appeal a state court criminal conviction. *See Smith v. Robbins*, 528 U.S. 259, 270 n.5 (2000) (noting that "[t]he Constitution does not . . . require States to create appellate review" in criminal cases); *Cleaver v. Bordenkircher*, 634 F. 2d 1010, 1011 (6th Cir. 1980) ("[The petitioner] has no federal constitutional right to appeal his state court conviction."). The right of appeal in criminal cases, "is purely a creature of statute," and "in order to exercise that statutory right, one must come within the terms of the applicable statute." *Abney v. United States*, 431 U.S. 651, 656 (1977).

Here, Petitioner challenges the procedural due process afforded to him in his application for leave to appeal to the Michigan Supreme Court. But his grounds for habeas relief are exceptionally weak because his application for leave to appeal to the Michigan Supreme Court involved discretionary review of his conviction. *See* M.C.R. 7.303(B)(1). Indeed, no constitutional right to discretionary review exists. *See Washpun v. United States*, 109 F. App'x 733, 735 (6th Cir. 2004). Because no United States Supreme Court decisions hold that there is a federal constitutional right guaranteeing criminal defendants the ability to file a discretionary appeal, any defects in the manner in which the Michigan Supreme Court denied Petitioner's application for leave to appeal cannot permit habeas relief. *See Alley v. Bell*, 307 F.3d 380, 386–87 (6th Cir. 2002) ("[E]rror committed during state post-conviction proceedings cannot provide a

6

basis for federal habeas relief."). Petitioner is not entitled to habeas relief on his first claim.

## B. Review of Denial of Relief by the Michigan Court of Appeals

Petitioner next alleges "that the state court erred in [its] denial of his appeal" and requests that this Court "have a 'look through' pursuant to *Wilson v. Sellers*, 138 S. Ct. [1188] (2018) when reviewing this petition." ECF No. 1, PageID.6.

The Court cannot consider this claim as a viable ground for habeas relief, but construes it as a request for the Court to deviate from the standard of review under AEDPA. The Supreme Court's decision in *Wilson*, however, does not allow habeas courts to review the entire lower court record and search for potential issues as Petitioner suggests. In *Wilson*, the Supreme Court held that federal habeas courts must "look through" the state court record only to determine the last reasoned state court decision. 138 S. Ct. 1188, 1192 (2018) ("We hold that the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.").

The last reasoned decision in this case was the Michigan Court of Appeals decision affirming Petitioner's conviction. Per *Wilson*, the Court must assume that the Michigan Supreme Court adopted the Michigan Court of Appeals' reasoning when it denied leave to appeal in a standard, unexplained order. Accordingly, this Court relies on the Michigan Court

of Appeals decision when reviewing the constitutionality of Petitioner's conviction, but adheres to the highly deferential standard set out by § 2254.

### C. Petitioner's Confrontation Clause Claim

Petitioner next claims that his Sixth Amendment right to confront the State's witnesses against him was violated when the trial court judge permitted the victim's testimony from the preliminary examination to be read to the jury after declaring the victim unavailable.

The victim was served a subpoena for trial on June 5, 2019 at 7:40 a.m. ECF No. 10-10, PageID.491. The victim appeared in court for the first day of trial and stayed for the entire day awaiting her testimony. *Id.* at PageID.494. When the first day ended without her testifying, the victim was instructed to return the next day because she was still under subpoena. *Id.* The prosecutor faxed a copy of the victim's subpoena to her employer because she was scheduled to work a late shift that evening. *Id.* at PageID.486, PageID.494.

On the morning of the second day of trial, the victim did not appear as anticipated. A detective who had been coordinating with the victim and originally served her "called her several times" and left one voicemail, but after that, "her voicemail was full." *Id.* at PageID.495. The detective estimated that he tried to call her unsuccessfully "close to ten times." *Id.* at PageID.499. A patrol car was then sent to the victim's house, but there was no answer and no sign that she was home. *Id.* at

8

PageID.495, PageID.499. The detective also contacted the victim's employer, but was informed that the victim did not show up for work the previous evening and was not presently at work. *Id.* at PageID.500–01. The judge ruled that the victim was unavailable, and that the prosecutor had exercised due diligence to locate her. *Id.* at PageID.506–07. The prosecutor was then permitted to read the victim's testimony from two preliminary examinations into the record in lieu of her live testimony. *Id.* at PageID.507–08.

"[T]here has traditionally been an exception to the confrontation requirement where a witness is unavailable and has given testimony at previous judicial proceedings against the same defendant which was subject to cross-examination by that defendant." *Barber v. Page*, 390 U.S. 719, 722 (1968). But this exception does not apply "unless the prosecutorial authorities have made a good-faith effort to obtain [the purportedly unavailable witness's] presence at trial." *Id.* at 724–25.

Therefore, when prosecutors seek to admit a non-testifying witness's preliminary examination testimony, the Confrontation Clause requires satisfying two elements. First, the prosecution must establish that the declarant is "unavailable" by showing that "the government has made a good faith effort to obtain her presence at the trial proceedings." *Hamilton v. Morgan*, 474 F.3d 854, 858 (6th Cir. 2007). Second, to admit prior testimonial statements of an unavailable witness, the defendant

must have "had a prior opportunity to cross-examine" the witness. *Crawford v. Washington*, 541 U.S. 36, 59 (2004).

"[G]ood faith efforts are context-specific," requiring the government to go to "reasonable lengths . . . to locate, contact, and arrange to reasonably transport the witness." *Hamilton*, 474 F.3d at 859. The Supreme Court has noted that "when a witness disappears before trial, it is always possible to think of additional steps that the prosecution might have taken to secure the witness' presence, but the Sixth Amendment does not require the prosecution to exhaust every avenue of inquiry, no matter how unpromising." *Hardy v. Cross*, 565 U.S. 65, 71–72 (2011) (citation omitted). Significantly, "the deferential standard of review set out in 28 U.S.C. § 2254(d) does not permit a federal court to overturn a state court's decision on the question of unavailability merely because the federal court identifies additional steps that might have been taken." *Id*. at 72.

On the record before it, the Court concludes that the prosecution and law enforcement made good faith efforts to locate the victim and secure her presence at trial. *See Pillette v. Berghuis*, 408 F. App'x 873, 882 (6th Cir. 2010) (finding good faith efforts satisfied by going to the unavailable witness's address listed on her driver's license, inquiring with other witnesses who knew her, researching recent police records, and calling the witness's father). Although the trial court, prosecutor, or police could have taken additional steps to secure the victim's presence,

10

AEDPA's deferential standard of review requires this Court to accept the Michigan Court of Appeals' reasonable rejection of Petitioner's claim.

Petitioner also had an adequate opportunity to cross-examine the victim at the preliminary examination hearing, in spite of his argument to the contrary. Petitioner is not entitled to habeas relief in the absence of any Supreme Court precedent to support his argument that his opportunity to cross-examine the victim at the preliminary examination hearing was inadequate to satisfy the requirements of the Confrontation Clause. *See Williams v. Bauman*, 759 F.3d 630, 635–36 (6th Cir. 2014). The Sixth Circuit has noted that "there is some question whether a preliminary hearing necessarily offers an adequate prior opportunity for cross-examination for Confrontation Clause purposes." *Al-Timimi v. Jackson*, 379 F. App'x 435, 437 (6th Cir. 2010); *see also Vasquez v. Jones*, 496 F.3d 564, 577 (6th Cir. 2007). But in *Barber*, the Supreme Court explained that "there may be some justification for holding that the opportunity for cross-examination of a witness at a preliminary hearing satisfies the demand of the confrontation clause where the witness is shown to be actually unavailable." 390 U.S. at 725–26. For example, in *Al-Timini*, the Sixth Circuit observed that the Supreme Court upheld the admission of preliminary examination testimony of unavailable witnesses where the defendant had full opportunity to cross-examine the witnesses at the preliminary examination. 379 F. App'x at 438–39.

11

At the preliminary hearing in this case, Petitioner was represented by counsel, who was given a full opportunity to cross-examine the victim, without any restriction by the examining magistrate. Petitioner's counsel took advantage of this opportunity to the extent that he saw fit. *Williams*, 2020 WL 7413953, at *2–3. As the Michigan Court of Appeals found, Petitioner's "motive to cross-examine the victim" to "demonstrate he did not commit the crimes charged" at the preliminary examination was the same as it would have been at trial. *Id.* at *3. Accordingly, the trial court's decision to admit the victim's testimony from the preliminary examination when she failed to appear in court was not contrary to or an unreasonable application of clearly established federal law. *Bauman*, 759 F.3d at 635–36; *Al-Timini*, 379 F. App'x at 439.

Lastly, the mere fact that Petitioner had a different attorney at the preliminary examination than he did at trial does not negate a finding that Petitioner had an adequate opportunity to cross-examine the victim. *Ohio v. Roberts*, 448 U.S. 56, 72 (1980). Petitioner is not entitled to habeas relief on his Confrontation Clause claim.

### D. Petitioner's Compulsory Process Claim.

Petitioner next claims that his right to present a defense and to compulsory process was violated when the prosecutor failed to successfully bring the victim to court to testify in person.

"The Sixth Amendment guarantees to a defendant the right to confront witnesses against him and to have compulsory process for

witnesses in his favor." *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992). But the Sixth Amendment does not "require the government to call every witness competent to testify." *Id.*; *see also Whittaker v. Lafler*, 639 F. Supp. 2d 818, 825 (E.D. Mich. 2009). Instead, the Supreme Court has held that a defendant's right to compulsory process is violated only where he can "make some plausible showing of how [the witnesses'] testimony would have been both material and favorable to his defense." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982).

Petitioner presents no evidence that the victim would have offered exculpatory evidence had she testified or that he planned to call her as a witness in his defense. In outlining the facts of the underlying case, the Michigan Court of Appeals decision makes clear that the victim's live testimony would have been anything but favorable to Petitioner, as her allegations of Petitioner's violence against her formed the basis for the crimes charged. Therefore, Petitioner is not entitled to habeas relief on his compulsory process claim.

### E. Petitioner's Michigan Sentencing Guidelines Claim.

Lastly, Petitioner claims that the trial court incorrectly scored several offense variables under the Michigan Sentencing Guidelines.

Petitioner's claim that the state trial court incorrectly scored or calculated his guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review because it is essentially a state law claim. *See Tironi v. Birkett*, 252 F. App'x 724,

725 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). Simply put, "errors in the application of state sentencing guidelines . . . cannot independently support habeas relief." *Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016). Petitioner's claim that the state trial court improperly departed above the correct sentencing guidelines range does not entitle him to habeas relief because Petitioner has not demonstrated that this departure violated Petitioner's federal due process rights. *Austin v. Jackson*, 213 F. 3d 298, 301 (6th Cir. 2000). Therefore, Petitioner cannot obtain habeas relief on his state sentencing guidelines claim.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** the petition for a writ of habeas corpus.

The Court also **DENIES** issuance of a certificate of appealability ("COA"). To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the petitioner is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484.

The Court concludes that jurists of reason would not find the Court's disposition of the petition debatable. Accordingly, the Court **DENIES** issuance of a certificate of appealability.

Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed in forma pauperis on appeal. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764–65 (E.D. Mich. 2002).

**IT IS SO ORDERED.**

Dated: March 28, 2023

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE